IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAIME BRUCE, | § | |
| Plaintiff, | § § § § | |
| v. | § § | CASE NO. 11-245 |
| INTERNATIONAL FOUNDATION FOR EDUCATION AND SELF-HELP, | § § § § | |
| Defendant. | § § | |

## DEFENDANT INTERNATIONAL FOUNDATION FOR EDUCATION AND SELF-HELP'S NOTICE OF REMOVAL

### INTRODUCTION

Defendant International Foundation for Education and Self-Help ("IFESH") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and hereby removes this action to the United States District Court for the Southern District of Texas, Galveston Division. In removing this action, IFESH alleges that removal jurisdiction exists as a result of a complete diversity of the parties.

1. Removed Case. On May 10, 2011, Plaintiff Jaime Bruce filed her Original Petition (the "Petition") in Cause No. 11-cv-0748, in the 56th Judicial District Court of Galveston County, Texas (the "State Court Action"). IFESH was served with Plaintiff's Petition and Citation on May 16, 2011.[1]

---

[1] "[S]ervice of process on the [Texas] Secretary of State constitutes constructive service on the nonresident defendant." *Bonewitz v. Bonewitz*, 726 S.W.2d 227, 230 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

## BASIS FOR REMOVAL

2. <u>Basis for Federal Jurisdiction.</u> This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties to this action, and the value of the matter in controversy exceeds $75,000, exclusive of interest and costs.

3. <u>Parties.</u> Ms. Bruce is a natural person who resides in Galveston County, Texas. (Petition at ¶ 4). IFESH is incorporated as a 501(c)(3) non-profit, charitable organization under the laws of Pennsylvania with its principal place of business at 5040 E. Shea Boulevard, Suite 260, Scottsdale, Arizona 85254-4687.

4. <u>Amount in Controversy.</u> Although IFESH does not concede that Ms. Bruce's claims have merit or that Ms. Bruce is entitled to any relief or recovery whatsoever, it is apparent from the face of the Petition that Ms. Bruce's claims are likely to exceed $75,000.00. The Petition states that "Plaintiff Jaime Bruce seeks damages in excess of the minimum jurisdictional limits of this Court," which is $200.00. (Petition at ¶ 11); *see* Tex. Const. art. V, § 19. Ms. Bruce alleges that she suffered serious and permanent injuries stemming from a vehicular accident that caused a "severe blow to the head and injuries to hear back, neck and body generally." *Id.* at ¶¶ 6, 11. Ms. Bruce claims damages for past and future physical impairment, past and future medical expenses, past and future physical pain and mental anguish, and loss of earnings and earning capacity. *Id.* at ¶ 11. Ms. Bruce also seeks exemplary damages. *Id.* at ¶ 10. Consequently, Plaintiff is likely to seek damages in excess of $75,000.00, and this action may be removed pursuant to 28 U.S.C. §§ 1332 and 1441.

## OTHER REQUIREMENTS

5. <u>Timeliness of Removal.</u>  This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after IFESH received service of the Petition and Citation.

6. <u>Joinder of Defendants.</u>  Because IFESH is the only defendant in this litigation, no other party needs to join in this removal.

7. <u>Notice to State Court.</u>  Pursuant to 28 U.S.C. § 1446(d), IFESH intends to serve written notice of this removal on the state court promptly after filing this Notice of Removal.

8. <u>Jury Demand.</u>  Ms. Bruce demanded a jury trial in the state court suit.  (Petition at ¶ 13).

9. <u>Venue.</u>  Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was filed and has been pending.

10. <u>Attachment of State Court Documents.</u>  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, IFESH is attaching to this notice the following:

    (a) All executed process in the case;

    (b) Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    (c) All orders signed by the state judge;[2]

    (d) The docket sheet;

    (e) An index of matters being filed; and

---

[2] No orders have been signed in the State Court Action.

(f)  A list of all counsel of record, including addresses, telephone numbers and parties represented.

## CONCLUSION

Because all statutory requirements have been satisfied, IFESH respectfully requests this Court to take jurisdiction of this case.

Date: June 3, 2011

Respectfully submitted,

/s/ Gregory P. Sapire
Gregory P. Sapire
Attorney-in-Charge
Texas State Bar No. 00791601
S.D. Tex. Bar No. 229476
greg.sapire@klgates.com
K&L GATES LLP
111 Congress Avenue, Suite 900
Austin, Texas 78701
(512) 482-6800 Telephone
(512) 482-6859 Facsimile

**ATTORNEY FOR DEFENDANT INTERNATIONAL FOUNDATION FOR EDUCATION AND SELF-HELP**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5(b) and Local Rule 5.3, the undersigned certifies that a true and correct copy of the foregoing was served on June 3, 2011 via first class mail upon all attorneys of record

/s/ Gregory P. Sapire